A95A0524. WILLIAMS v. THE STATE.
(458 SE2d 892)

RUFFIN, Judge.

Ray Williams was convicted of driving under the influence of al-

cohol and obstruction of a law enforcement officer. He appeals from the judgment entered on the conviction and sentence enumerating as error the trial court's failure to charge the jury on simple assault and ineffective assistance of his trial counsel.

1. In his first enumeration of error, Williams contends the trial court erred in failing to charge the jury on simple assault as a lesser included offense of obstruction of a law enforcement officer inasmuch as the indictment accused him of assaulting an officer during a lawful investigation.

The indictment alleged that Williams "did knowingly and willfully resist, obstruct and oppose Chris Ryan, a law enforcement officer with the Savannah Police Department engaged in the lawful discharge of his official duties by offering and doing violence to the person of said officer, to wit: did assault said officer during a lawful investigation and thereafter did violently resist a lawful arrest. . . ." Williams acknowledges that trial counsel did not request a charge on simple assault as a lesser included offense of obstruction and that generally it is not necessary to charge on a lesser included offense where the evidence shows completion of the greater offense. But he contends the court was required to define the term "assault" because it was alleged in the indictment as an essential element of the crime of felony obstruction and has a definite and legal meaning which a jury could not be expected to understand without an appropriate charge.

This argument was rejected by the Supreme Court in *Anderson v. State*, 226 Ga. 35 (2) (172 SE2d 424) (1970), in which the court held "[i]t is well settled that terms of common usage need not be specifically defined in instructing a jury, and the word 'assault' is certainly a term of common usage. [Cit.]" Id. at 36. Moreover, in the instant case, a charge on simple assault as a lesser included offense was not authorized by the evidence because the evidence showed completion of the offense charged. See OCGA § 16-10-24. See also *Jones v. State*, 204 Ga. App. 279 (419 SE2d 542) (1992). Furthermore, if the jury had determined there was no assault, it had the option of acquitting Williams or convicting him of the lesser included offense of misdemeanor obstruction as it was instructed. Accordingly, this enumeration is without merit.

2. Williams next contends he was denied effective assistance of counsel at trial in five respects: (1) trial counsel failed to request that the word "assault" be stricken from the indictment after the trial court denied the State's request to charge on assault; (2) counsel failed to request a charge on simple battery against a police officer as a lesser included offense of felony obstruction; (3) counsel prevented Williams from testifying in his own behalf; (4) counsel failed to advise Williams that he was charged with felony obstruction; and (5) counsel

failed to request a charge on simple assault as a lesser included offense of felony obstruction.

"At the hearing on the motion for new trial, the burden was on [Williams] to establish that he received ineffective assistance of trial counsel. [Cit.] To meet this burden, [Williams] was required to show not only that trial counsel's performance was deficient, but also that, absent trial counsel's deficient performance, there is a reasonable likelihood that the outcome of the trial would have been different. [Cits.]" *White v. State*, 265 Ga. 22, 23 (2) (453 SE2d 6) (1995).

For the reasons expressed in Division 1 we find no reversible error in trial counsel's failure to have "assault" stricken from the indictment or to request a charge on simple assault as a lesser included offense. Nor do we find error in counsel's failure to request a charge on simple battery against a police officer as a lesser included offense as that charge would not have been properly adjusted to the facts because the only physical contact between Williams and Officer Ryan occurred after Williams was placed in handcuffs and was flailing about on the ground.

Furthermore, there was evidence adduced at the hearing on Williams' motion for new trial from which the trial court could have concluded that counsel did not prevent Williams from testifying at trial and that Williams was advised by counsel that he was charged with felony obstruction prior to the trial. Accordingly, the trial court's denial of Williams' motion for new trial on the ground of ineffective assistance of counsel was not clearly erroneous. *Smith v. State*, 256 Ga. 483 (351 SE2d 641) (1986).

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED JULY 5, 1995 — 

*Mark J. Nathan*, for appellant.

*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney*, for appellee.

