## A00A2454. GOSS v. THE STATE.
(544 SE2d 206)

RUFFIN, Judge.

A jury found Quinton Antwon Goss guilty of felony theft by taking. Goss appeals, challenging the sufficiency of the evidence supporting his conviction. For reasons that follow, we affirm.

In reviewing Goss's challenge to the sufficiency of the evidence, we do not weigh the evidence or determine witness credibility.[1] Instead, we review the evidence presented at trial in the light most favorable to support the jury's verdict and determine whether this evidence is sufficient to authorize a rational trier of fact to find Goss guilty of each element of the charged offense beyond a reasonable doubt.[2]

Viewed in this light, the evidence shows that on Sunday evening, June 13, 1999, Goss was a guest in the home of Tiffany Thomas. Thomas's parents were away on vacation, and she invited several friends to the house for a party by the pool. Goss drove to the party, accompanied by his friend, Russell Hardeman. At about 10:00 that evening, Hardeman noticed Goss was missing and went inside the house to look for him. Hardeman testified that he found Goss in a bedroom, taking items from the room and stuffing them into duffel bags. According to Hardeman, he and Goss took the bags and went to a bathroom were Goss had stowed a shotgun and rifle. Goss and Hardeman hid the bags and the guns outside the house. The pair immediately left the party, put the hidden items in the trunk of Goss's car

---

[1] See *Russell v. State*, 230 Ga. App. 546, 549 (4) (497 SE2d 36) (1998).
[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

and went home.

The next day, Thomas's stepbrother, David, came home and discovered several items missing from his bedroom, including two duffel bags, a shotgun, a rifle, a handgun, several boxes of ammunition, bottles of cologne and some purple bags that previously contained Crown Royal whiskey bottles. Concerned, David looked around the house to discern whether anything else was missing. David found that his parents' jewelry was also gone. When David's father returned home, he discovered that a videocamera and stamp collection had also vanished.

Two days after the party, Goss took the stolen guns to his cousin's house. Goss's cousin, Bobby Greer, testified that on that day he helped Goss and Hardeman retrieve several items from Goss's car trunk, including the guns and purple Crown Royal bags containing ammunition, and that the three of them then fired the guns in Greer's backyard. After shooting the firearms, Goss departed, but he left all three guns, the bag containing cologne bottles and the stamp collection with Greer. Greer told the police that Goss also hid a purple bag containing jewelry under the floor of a nearby barn. Although Greer later returned the stamps to Goss, he sold the shotgun and rifle.

During their investigation of the theft, sheriff's deputies interviewed individuals who attended Thomas's party. The investigation led the deputies to Hardeman, who was found in possession of one of the items taken from Thomas's home. After his arrest, Hardeman admitted that he participated in the theft, and after pleading guilty to theft by taking, he testified for the State at trial. Many of the other stolen items were later recovered from Greer, who also testified for the State concerning Goss's possession of the goods. In addition, while searching the area around Greer's home, deputies found the shell casings from the three weapons Goss and his companions fired in the backyard.

Based on this evidence, the jury found Goss guilty of felony theft by taking. On appeal, Goss asserts that the testimony of his accomplice, Hardeman, was insufficiently corroborated to support his conviction. We disagree.

Goss's assertion regarding insufficient corroboration is based on the evidentiary rule that in felony cases, "where the only witness is an accomplice, the testimony of a single witness is not sufficient."[3] In this case, however, Goss's accomplice was not the sole witness for the State, and only "[s]light evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient cor-

---

[3] OCGA § 24-4-8.

roboration of the accomplice to support a verdict."[4] At trial, Hardeman's testimony was corroborated by Thomas's testimony that Goss attended her party. Hardeman's testimony was also corroborated by Greer's testimony that he saw Goss take the stolen items from his car trunk, that the three companions fired the guns in his backyard, that Goss left some of the goods with Greer and that Goss hid the jewelry bag under the barn floor. Although circumstantial, this evidence provided the jury with sufficient corroboration to identify Goss as a participant in the theft.[5] Accordingly, we find that a rational trier of fact could have found Goss guilty beyond a reasonable doubt of felony theft by taking.[6]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JANUARY 10, 2001.

*Elizabeth M. Grant*, for appellant.
*Harry N. Gordon, District Attorney, William W. Tanner, Assistant District Attorney*, for appellee.

---

[4] *House v. State*, 237 Ga. App. 504, 505 (1) (515 SE2d 652) (1999) (quoting *Givens v. State*, 227 Ga. App. 861, 862 (490 SE2d 530) (1997)).
[5] See id.
[6] See OCGA § 16-8-2 (defining theft by taking); *Jackson*, supra.