## A01A1654. GILLISON v. THE STATE.
(561 SE2d 879)

Pope, Presiding Judge.

Paul Gillison appeals following his convictions for simple battery and obstruction of an officer. We affirm.

1. Gillison first contends that there was insufficient evidence to support his conviction on the obstruction charge. He argues that while his actions may have constituted a simple assault, they did not obstruct or hinder police.

Viewed in the light most favorable to support the verdict, the evidence showed that on September 24, 1999, Officer Brian Nessmith of the Savannah Police Department responded in uniform to a call indicating that there had been a disruption at a bar in the City Market area of Savannah. He found Gillison lying facedown on the ground with plastic flexi-cuffs on. Gillison was shouting obscenities and appeared very agitated. Officer Nessmith put his own cuffs on Gillison and snipped the flexi-cuffs off. As he helped Gillison to his feet, Gillison attempted to pull away. Officer Nessmith then leaned Gillison against a door and placed his shoulder in Gillison's back while he called for backup.

When the other officers arrived and Officer Nessmith began to escort Gillison to his patrol car, Gillison kicked behind him toward the officer, saying, "I'll break your f——g leg, f——g cop!" Officer Nessmith had to move out of the way to avoid being kicked. The officers then put Gillison facedown so he could not kick anyone.

Under OCGA § 16-10-24 (b), "[w]hoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer . . . is guilty of a felony. . . ." Even verbal acts may be sufficient to constitute an offer of violence under the statute if such words can be interpreted as a threat of violence. *Arnold v. State*, 249 Ga. App. 156, 159 (1) (b) (545 SE2d 312) (2001). Moreover, any act that directly tends "to interfere with, interpose obstacles or impediments, hinder, impede, interrupt in any manner, or prevent or pervert the public administration of justice constitutes obstruction of the police in performing their lawful duty." (Citations and punctuation omitted.) *Ballew v. State*, 245 Ga. App. 842, n. 1 (538 SE2d 902) (2000).

Here, Gillison threatened violence when he said that he intended to break a police officer's leg. And the jury could have found that that statement, in conjunction with his attempts to kick the officers, tended to hinder and impede their efforts to secure him before putting him in a patrol car. After first sitting him down on the curb, they were forced to put him facedown on the pavement so that

he could not kick anyone. And although Gillison was restrained by handcuffs at the time, his feet were still free to kick. In fact, Officer Nessmith had to move out of the way to avoid a kick.

Accordingly, we find that there was sufficient evidence to authorize a rational trier of fact to find beyond a reasonable doubt that Gillison was guilty of felony obstruction. *Arnold v. State*, 249 Ga. App. at 159 (1) (b); *Burge v. State*, 243 Ga. App. 673 (534 SE2d 132) (2000).

2. Gillison next asserts that the trial court erred in failing to include a charge on simple assault, which he contends was his sole defense, despite the fact that no such charge was requested.

It is error for a court to refuse to charge on an accused's sole defense, even without a request to charge, where there is some evidence to support the defense. *Rogers v. State*, 247 Ga. App. 219, 222 (4) (543 SE2d 81) (2000). Assuming, without deciding, that a lesser included offense can be a "sole defense," the lesser included offense of simple assault was not Gillison's sole defense. Indeed, his counsel never argued assault at trial but instead argued for the lesser included offense of misdemeanor obstruction. He asserted that Gillison's actions, although a hindrance to police, could not have been an offer of violence because he was restrained at the time.

Therefore, we find no error in the trial court's failure to charge on assault. See *Williams v. State*, 217 Ga. App. 709, 710 (1) (458 SE2d 892) (1995).

3. Gillison further argues that the trial court erred in his charge by referring to the lesser included offense of obstruction as "misdemeanor obstruction" and referring to the charged offense as "felony obstruction."

The use of such a distinction is not favored under Georgia law. *Green v. State*, 206 Ga. App. 539, 541 (2) (426 SE2d 65) (1992); *Cater v. State*, 176 Ga. App. 388 (336 SE2d 314) (1985). And our courts have often found error, albeit harmless error, whenever the terms "felony" or "misdemeanor" are employed in a jury charge. See, e.g., id.; *Johnson v. State*, 261 Ga. 236, 239-240 (5) (404 SE2d 108) (1991). But the use of this terminology is not always improper. Rather, it is appropriate to review the jury instructions in the context of the crimes charged to determine whether the trial judge has impermissibly strayed into the realm of punishment rather than the mere classification of a crime. See *Fletcher v. State*, 197 Ga. App. 112, 113 (3) (397 SE2d 605) (1990). In fact, there are times when defining these terms may be necessary to define the crime charged such as where the offense depends upon the commission of another crime, as in the

case of felony murder under OCGA § 16-5-1 (c)[1] or involuntary manslaughter under OCGA § 16-5-3 (a).[2]

In this case, the two offenses are both termed "obstruction," and it is apparent that the terminology adopted by the trial participants was for ease of reference and not for purposes of distinguishing punishment. The trial court did not elaborate to the jury on the difference between a felony and a misdemeanor, and the jury made no inquiry as to punishment. Accordingly, "[t]here is nothing in the record to demonstrate that the jury's verdict of guilty was impermissibly based on a consideration of punishment rather than on a consideration of the elements of the offense. . . ." (Citation and punctuation omitted.) *Freeman v. State*, 214 Ga. App. 425, 426-427 (1) (448 SE2d 465) (1994).

Moreover, the misdemeanor obstruction was referred to as a lesser included offense. And the principal distinction between the two offenses is that felony obstruction requires an act or offer of violence. With this information alone, the jury could have inferred the relative length of punishment between the two offenses: "[T]he relative severity of punishment was already clearly implied, as a matter of common sense. To reverse because the judge labeled one crime a 'misdemeanor' when the jury knew that it was a 'lesser offense' . . . would be to ignore the obvious." *Cater v. State*, 176 Ga. App. at 389.

Therefore, we find that the use of this terminology by the trial court was not error under the circumstances of this case. See *Bellamy v. State*, 272 Ga. 157, 159 (4) (527 SE2d 867) (2000); *Fletcher v. State*, 197 Ga. App. at 113 (3). See generally *Dennis v. State*, 220 Ga. App. 420, 421 (4) (469 SE2d 494) (1996).

4. Gillison next contends that he received ineffective assistance of trial counsel. Under *Strickland v. Washington*, 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984), Gillison must meet a two-prong test for evaluating a claim of ineffectiveness of counsel: "The defendant must show (1) that his attorney's representation was deficient; and (2) that the deficient representation prejudiced his defense, i.e., that a reasonable probability exists that but for the ineffective representation the result of the proceeding would have been different. Both prongs must be proved." (Citations omitted.) *Forsman v. State*, 239 Ga. App. 612, 616 (8) (521 SE2d 410) (1999).

(a) Gillison first contends that his trial counsel failed to under-

---

[1] Under that subsection, "[a] person . . . commits the offense of murder when, *in the commission of a felony*, he causes the death of another human being irrespective of malice." (Emphasis supplied.)

[2] That subsection reads: "A person commits the offense of involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so by the commission of an unlawful act *other than a felony*." (Emphasis supplied.)

stand his sole defense: that Gillison was guilty only of the lesser included offense of simple assault, not felony obstruction.

But this argument is simply that Gillison's trial counsel should have pursued a different trial strategy in an attempt to obtain a misdemeanor sentence, and it is well settled that such an argument will not support a claim for ineffective assistance of counsel:

> [T]rial strategy and tactics do not equate with ineffective assistance of counsel. . . . Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decisions made by trial counsel does not require a finding that defendant's original representation was inadequate.

(Footnote omitted.) *Lewis v. State*, 249 Ga. App. 488, 491 (2) (548 SE2d 457) (2001).

Moreover, as we have held that the evidence was sufficient to find Gillison guilty of felony obstruction, Gillison cannot establish a reasonable possibility that the outcome of his trial would have been different but for his trial counsel's failure to argue for the lesser included offense of simple assault instead of the lesser included offense of misdemeanor obstruction.

For these reasons, Gillison's contention that his trial counsel should have requested a charge on simple assault also must fail.

(b) Gillison also asserts that the trial attorney failed to follow a consistent theory of defense and that he failed to adequately prepare for trial. He contends that some of the arguments his trial counsel pursued in opening statement differed from those of his closing statement, and he attacks some of his trial counsel's decisions during trial.

These arguments also address matters of trial strategy. At the hearing on the motion for new trial, the trial attorney testified that Gillison insisted upon testifying against his trial counsel's advice. Once on the stand, Gillison admitted many of the actions alleged against him. Thus, the trial counsel testified that he was left with very little defense. Given these facts, it is not unreasonable that the trial attorney may have had to shift the theory of defense as the testimony developed.

The evidence also showed that Gillison called his trial counsel every week from prison and they discussed his case. And the attorney previously had represented Gillison at his probation revocation hearing and thus was familiar with the evidence against him. We find that Gillison has failed to establish that his counsel's performance was deficient with regard to adequate trial preparation. See gener-

ally *Bogan v. State*, 249 Ga. App. 242, 244-245 (2) (a) (547 SE2d 326) (2001).

Accordingly, Gillison's argument on this ground must fail.

(c) Gillison next argues that his trial counsel should have moved to excuse a juror who worked as a juvenile probation officer and who previously worked as a certified police officer for the Chatham County Sheriff's Office. While this juror might have been subject to excusal for cause under the facts of this case, Gillison's trial counsel made a conscious decision to retain him because he knew the juror to be fair and impartial: "I know him personally from Juvenile Court. . . . I wanted that juror because I knew him to be a fair and impartial person. I knew that he knew the court system, he knew about different crimes, and I thought he would be a person who could explain it better to the jurors. . . ."

Again, while Gillison and his current counsel may disagree with this decision, it is one of strategy and does not support a claim of ineffective assistance of counsel. We will not judge counsel's trial strategy by hindsight or result: "In determining what constitutes ineffective assistance, a critical distinction is made between inadequate preparation and unwise choices of trial tactics and strategy. Particularly in regard to matters of trial strategy and tactic, effectiveness is not judged by hindsight or result." (Citations and punctuation omitted.) *Slade v. State*, 270 Ga. 305, 307 (2) (509 SE2d 618) (1998).

(d) Gillison asserts that his trial counsel also should have objected when the state's attorney and the trial court in this case used the misdemeanor/felony distinction when discussing the two kinds of obstruction charges. In fact, Gillison's counsel himself adopted this distinction. The failure to object to the terminology did not constitute inadequate representation. We have found that the use of this terminology by the trial court was not error under the circumstances. And Gillison has failed to establish a reasonable probability that the outcome of his trial would have been different if his counsel had objected.

(e) Gillison next contends that his trial attorney failed to reserve objections to the trial court's charge. But the trial transcript clearly shows that the attorney did, in fact, reserve his objections. Thus, this argument is without merit.

*Judgment affirmed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED MARCH 13, 2002 —

*Jackson & Schiavone, Steven L. Sparger*, for appellant.

*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney*, for appellee.