## A02A0317. SHELLEY v. THE STATE.
(565 SE2d 567)

JOHNSON, Presiding Judge.

Kareem Shelley was convicted of armed robbery of a Waffle House restaurant in Gwinnett County. He appeals, arguing that there is not sufficient evidence to support the conviction and that the trial court erred in overruling his challenge to the state's use of its peremptory strikes during jury selection. The arguments are without merit, so we affirm Shelley's conviction.

1. Shelley complains that there is not enough evidence to support his conviction because the only witness to identify him as a perpetrator of the armed robbery was an accomplice. While an accused may not be convicted on the uncorroborated testimony of an accomplice, only slight evidence from an extraneous source identifying the accused as a participant in the crime is needed to corroborate the accomplice's testimony and support a guilty verdict.[1] In the instant case, there is sufficient evidence corroborating the accomplice's testimony.

The accomplice, Antwane Calloway, testified that he, Shelley, Shelley's brother, Courtney Shelley, and Detalus Enmon committed a string of armed robberies. The crime spree began shortly before midnight on November 18, 1996, as the foursome, armed with guns, cruised around the Atlanta area in a stolen Cadillac.

They stopped at a Texaco gas station and convenience store in Fulton County. All of them went inside the store, pulled out their guns, took money from the clerk, and fled. The foursome then drove to the Waffle House in Gwinnett County.

Shelley, Calloway, and Enmon entered the Waffle House, while Shelley's brother remained outside in the getaway car. Inside, the three robbers pulled out their guns and demanded money from restaurant employees Glen Ritzman and Donna Jenkins. Ritzman took the drawer of money out of the cash register and gave it to the armed men, who then fled.

The men next drove to DeKalb County, where they robbed another Waffle House. Shortly after that robbery, they were riding on an interstate highway when the police began following them. They got off the highway, pulled into a neighborhood, stopped the car,

---

[1] *House v. State*, 237 Ga. App. 504-505 (1) (515 SE2d 652) (1999).

jumped out of it, and ran from the police. A short time later, Calloway and Enmon were caught, but Shelley and his brother eluded the police. Inside the Cadillac, police officers found three guns, ammunition, two cash register drawers, money, and Shelley's cellular telephone.

Numerous witnesses other than Calloway testified for the state, including victims of the Gwinnett Waffle House robbery. The two employees, Ritzman and Jenkins, as well as a customer, Jorge Trana, could not identify Shelley, but they confirmed that three men entered the restaurant and used guns to force Ritzman to hand over a drawer full of money from the cash register.

The state also introduced evidence that although Ritzman was unable to identify Shelley during the Gwinnett trial, he had previously identified Shelley as one of the Gwinnett Waffle House armed robbers. That identification occurred when Shelley and his brother were tried for the armed robbery of the DeKalb Waffle House. During the DeKalb trial, Ritzman was called as a witness, and he positively identified Shelley as one of the perpetrators of the Gwinnett robbery.

Shelley was convicted of the DeKalb armed robbery, and a certified copy of that conviction was introduced during the instant Gwinnett trial. In addition, the state played a videotape from a security camera showing the Texaco armed robbery. And Calloway identified the perpetrators depicted on the tape, including Shelley.

This evidence provides more than the slight evidence needed to corroborate the testimony of Shelley's accomplice.[2] Having reviewed all the evidence in the light most favorable to the verdict, we conclude that the jury was authorized to find Shelley guilty beyond a reasonable doubt of armed robbery.[3]

2. Shelley contends that the trial court's overruling of his *Batson*[4] challenge to the state's peremptory strikes during jury selection was improper because the court failed to follow the three-step test required for such a challenge. Contrary to Shelley's contention, the trial court properly followed the test.

In evaluating challenges to peremptory strikes, the United States Supreme Court has established this three-part test: (1) the opponent of a peremptory strike must make out a prima facie case of racial discrimination; (2) the burden of production then shifts to the proponent of the strike to give a race-neutral explanation for the strike; and (3) if a race-neutral explanation is given, the court must

---

[2] See *Goss v. State*, 247 Ga. App. 520, 521-522 (544 SE2d 206) (2001).
[3] See *Telfair v. State*, 234 Ga. App. 444, 445 (507 SE2d 195) (1998).
[4] *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

then decide if the opponent of the strike has proven purposeful racial discrimination.[5]

In the instant case, Shelley argued that the state struck two female jurors because they are African-American. The trial judge found that Shelley had made out a prima facie case of racial discrimination and required the state prosecutor to provide race-neutral explanations for the two strikes. The prosecutor explained that she struck one of the women because she is a union steward and defends employees who are in trouble with the employer. The prosecutor said that she struck the other woman because she is an attorney, she has defended a person accused of a drug crime, and she has been a party to an employment discrimination lawsuit.

After the state gave its race-neutral explanations, the judge gave Shelley an opportunity to show racial discrimination. Shelley's lawyer challenged the reasons given by the state, cited case law, and argued that the strikes were based on race. Further discussion between the court and the lawyers ensued, and the judge finally asked Shelley's lawyer if she had any further challenges. She had none, and the court then ruled that the strikes were proper.

We note that Shelley has not contested the substance of the court's ruling, so we do not reach that issue. Instead, his only argument is that the court failed to follow the applicable three-step process. We disagree and find that the record clearly establishes that the court properly employed the three-step analysis in evaluating Shelley's peremptory strike challenges.[6]

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED MAY 14, 2002.

*Clark & Towne, Wystan B. Getz*, for appellant.
*Daniel J. Porter, District Attorney, Dawn H. Taylor, Assistant District Attorney*, for appellee.

---

[5] *Williams v. State*, 236 Ga. App. 190 (511 SE2d 561) (1999).
[6] See *Curry v. State*, 238 Ga. App. 511, 515 (2) (a) (519 SE2d 269) (1999).