## A02A0864. MULLINS v. THE STATE.
### (570 SE2d 357)

RUFFIN, Judge.

A jury found Craig Mullins guilty of armed robbery. He appeals, challenging the sufficiency of the evidence. For reasons that follow, we affirm.

On appeal from a criminal conviction, we do not weigh the evidence or determine witness credibility.[1] "Instead, we review the evidence presented at trial in the light most favorable to support the jury's verdict and determine whether this evidence is sufficient to authorize a rational trier of fact to find [Mullins] guilty of each element of the charged offense beyond a reasonable doubt."[2]

Viewed in this light, the evidence shows that on August 30, 1995, Dana Taylor, a Domino's Pizza delivery man, attempted to deliver pizza to a house in LaGrange at approximately 11:30 p.m. When he arrived at the house, Taylor saw a young man standing in the driveway and asked whether he had ordered a pizza. The young man replied, "yes," and Taylor got out of his car with a pizza warmer, which held a pizza, breadsticks, and sauce.

As Taylor approached, the young man began "to look around like he was watching for somebody." At that point, someone walked up behind Taylor and hit him in the head with an aluminum baseball bat. The two individuals then grabbed the pizza warmer from Taylor and ran toward the rear of the house. Taylor managed to call for help from his car, and he was taken to the hospital, where he received treatment for a skull fracture.

Police located the pizza warmer, the pizza box, breadstick wrappers, and sauce on a wooded path behind the house. Further investigation led police to suspect six juveniles, including Mullins. Mullins and Charles Hurston, both 16 years old, were charged as adults with armed robbery. The other four individuals, L. C., M. C., C. C., and C. H., were charged as juveniles. All but Mullins admitted their involvement in the robbery, and each testified against Mullins at trial.

Hurston testified that after he and Mullins decided to rob a Domino's delivery man, Mullins placed the pizza order. They then walked to the address Mullins gave Domino's and were joined by L. C., M. C., C. C., and C. H. Hurston stayed on the front porch, Mullins "went somewhere" nearby, and L. C., M. C., C. C., and C. H. waited behind the house. At that point, Mullins had an aluminum baseball bat with him. According to Hurston, when Taylor arrived at the residence, Mullins hit him with the bat, and Hurston took the

---

[1] See *Goss v. State*, 247 Ga. App. 520 (544 SE2d 206) (2001).
[2] Id.

pizza from Taylor's hands. Mullins and Hurston then ran behind the house, where they met the others. Before fleeing the scene, Mullins, Hurston, L. C., and C. H. ate the pizza and breadsticks.

According to C. H., Mullins told him, L. C., M. C., and C. C. to wait behind the house during the robbery. Although C. H. did not see the actual blow to Taylor's head, he saw Taylor "go[ ] down." C. H. further testified that when Taylor fell, Hurston had the pizza in his hands, and Mullins had a bat. The six boys then ran down a path behind the house, and Mullins said, "[I] tried to kill the man." M. C. similarly testified that Mullins, who had a baseball bat, instructed him to stay behind the house during the robbery. When Mullins and Hurston appeared with the pizza, the group ran down the wooded path, and Mullins stated that "[h]e did a sweet lick."

L. C. testified that Mullins also told him to remain behind the house. L. C., however, saw Mullins strike Taylor with a bat and flee down the wooded path with Hurston, who had the pizza. The boys then ate the pizza. Finally, C. C. testified that he saw Mullins with a bat before Taylor arrived at the house. According to C. C., Mullins stated: "I called the pizza man, y'all go on behind the house and stay." Mullins and Hurston eventually appeared with a pizza, and C. C. ran down the wooded path with them. C. C. admitted eating the pizza with Mullins.

Mullins denied any involvement in the crime and testified that he was at home when the robbery took place. Mullins' mother also testified that Mullins was at home that evening. Nevertheless, the jury found him guilty of armed robbery.

On appeal, Mullins argues that the State failed to present sufficient evidence to corroborate the testimony of the five accomplices who testified against him. In Mullins' view, the evidence created only a "grave suspicion of guilt." We disagree.

Although "[a]n accomplice's testimony as to the identity and participation of the defendant . . . must be corroborated[,] [w]here, as here, more than one accomplice testifies at trial, the testimony of one accomplice may be corroborated by the testimony of the others."[3] The corroborating evidence need only be slight, and the sufficiency of that corroboration "is peculiarly a matter for the jury to determine."[4]

In this case, Hurston, L. C., M. C., C. C., and C. H. all testified that Mullins participated in the robbery. Both Hurston and L. C. witnessed Mullins strike Taylor with the bat, and the other three boys saw Mullins with a bat either before or immediately after the robbery. L. C., M. C., C. C., and C. H. testified that Mullins instructed

---

[3] (Citation omitted.) *Hanifa v. State*, 269 Ga. 797, 808-809 (7) (505 SE2d 731) (1998).
[4] *Wilbanks v. State*, 251 Ga. App. 248, 259 (8) (554 SE2d 248) (2001).

them to wait behind the house, and all four stated that Mullins and Hurston appeared behind the house with a pizza. According to both M. C. and C. H., Mullins made statements indicating that he had struck Taylor with the bat. Finally, Hurston, C. C., and L. C. admitted eating the pizza with Mullins.

The testimony of these five accomplices corroborated each other on numerous levels. Taylor's testimony that, after he was hit in the head with an aluminum baseball bat, two individuals stole the pizza and then fled behind the house, further corroborated the accomplices' statements, as did the pizza warmer and food remains discovered along the wooded path. This corroborating evidence was more than sufficient to connect Mullins to the crime.[5] In short, the State presented ample — if not overwhelming — evidence from which a jury could find Mullins guilty beyond a reasonable doubt of armed robbery.[6] Accordingly, we affirm.

*Judgment affirmed. Pope, P. J., and Barnes, J., concur.*

DECIDED AUGUST 14, 2002.

*Peter B. Hoffman*, for appellant.

*Peter J. Skandalakis, District Attorney, Sarah L. Stimac, Assistant District Attorney*, for appellee.

---

[5] See *Hanifa*, supra; *Wilbanks*, supra at 260.

[6] See OCGA § 16-8-41 (a) (defining armed robbery); *Byrd v. State*, 274 Ga. 58, 59-60 (1) (548 SE2d 2) (2001); *Kinney v. State*, 271 Ga. 877, 880 (1) (525 SE2d 91) (2000).