## A05A1118. PANZNER v. THE STATE.
### (616 SE2d 201)

BARNES, Judge.

Craig Emil Panzner II was convicted of felony obstruction of an officer. OCGA § 16-10-24 (b). The trial court denied his motion for a new trial. He appeals, asserting that the evidence was insufficient to sustain a conviction. Finding no error, we affirm.

The following standards apply to an appeal from a criminal conviction: the evidence is construed in a light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. *Moore v. State*, 254 Ga. App. 134 (561 SE2d 454) (2002). We evaluate sufficiency of the evidence under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), which holds that evidence is sufficient to support a conviction if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) Id. at 319. In applying the *Jackson* standard, the appellate court does not weigh the evidence or judge the credibility of witnesses. *Phagan v. State*, 243 Ga. App. 568, 569-570 (2) (533 SE2d 757) (2000). Weighing evidence, determining witness credibility, and resolving conflicts in testimony are matters for the factfinder to decide. Id. The verdict will be upheld as long as there is some competent evidence, even though controverted, to support each necessary fact of the State's case. Generally, a fact can be established by the testimony of a single witness. Id.

Viewed in the light most favorable to the verdict, the evidence showed that two uniformed deputy sheriffs arrived at Panzner's residence in a marked police car on November 3, 2002 while investigating a reported burglary in the neighborhood. After arriving, the

deputies learned that there was an outstanding warrant for Panzner's arrest. Panzner knew about the outstanding warrant, and attempted to leave the house after he saw the deputies. The deputy who pursued Panzner identified himself as a sheriff's deputy and commanded Panzner to stop. Panzner refused to comply; he fled, and the pursuing deputy caught up to him near a chain link fence. The deputy testified that they were both propelled into the fence when he ran up behind Panzner and grabbed him. They both fell to the ground, and Panzner broke free from the deputy's hold.

A fight ensued. The deputy testified that Panzner struck him with a closed fist. In response, the deputy struck Panzner on the leg with his expandable baton. Panzner then began to climb the fence, and kicked at the deputy when the deputy grabbed at Panzner's leg. The deputy followed Panzner over the fence into an area full of thickets, forced him to the ground, handcuffed him and arrested him. Panzner and the deputy were the only witnesses to the physical struggle and arrest. In the course of the arrest, the deputy suffered an injury to his wrist that required him to wear a brace for six weeks and limited him to light duty. The jury found Panzner guilty of felony obstruction of an officer.

Panzner argues that the evidence was insufficient to support the conviction of felony obstruction of an officer. This argument is meritless. Under OCGA § 16-10-24 (b), "[w]hoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of the law enforcement officer" is guilty of felony obstruction of an officer.

On appeal, Panzner merely renews the factual contention he made at trial, that his acts were justified as resisting the deputy's use of excessive force. Conflicting testimony from the only two witnesses to the arrest was presented at trial. It was the jury's right to choose which evidence to believe, and only the jury could decide how much weight to give each witness's testimony. *Shorter v. State*, 271 Ga. App. 528, 529 (1) (610 SE2d 162) (2005). A conflict in witness testimony cannot be used as the sole basis for an insufficiency of the evidence claim. Id. Accordingly, Panzner's claim of error is without merit.

Obstruction of the police in performing their lawful duty includes any act that directly interferes with, impedes, interrupts, or prevents or perverts the public administration of justice. *Gillison v. State*, 254 Ga. App. 232 (1) (561 SE2d 879) (2002). Offering or doing violence to a law enforcement officer includes threats of violence, battery, and assault aimed at the officer. Id. at 233 (1) (kicking at officers sufficient); *Dudley v. State*, 264 Ga. App. 845, 846 (1) (b) (592 SE2d 489) (2003) (striking officer sufficient for obstruction charge).

The evidence is sufficient to support a conviction for felony obstruction. Here, the deputy was engaged in the lawful discharge of his duties when attempting to arrest Panzner on an outstanding warrant. Panzner knowingly resisted the deputy by fleeing after the deputy identified himself and ordered Panzner to stop and Panzner did violence to the deputy's person by striking him and kicking at him. See, e.g., *Gillison v. State*, supra, 254 Ga. App. 232. This evidence is sufficient to find him guilty beyond a reasonable doubt of felony obstruction of an officer. *Jackson v. Virginia*, supra, 443 U. S. 307.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 22, 2005.

*Virginia W. Tinkler*, for appellant.
*David McDade, District Attorney, Mark G. Hatton, Assistant District Attorney*, for appellee.