**THIRD DIVISION**
**ELLINGTON, P. J.,**
**BETHEL and GOBEIL, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 17, 2018**

# In the Court of Appeals of Georgia

A18A1280. COPLEY v. THE STATE.

BETHEL, Judge.

Following an extended outburst during which she expressed suicidal ideation, Sommer Marie Copley spat on a police officer and resisted arrest, Copley was convicted of two counts of obstruction. She now appeals arguing that her convictions should not stand because police were not lawfully discharging their official duties when they arrested her and because police did not comply with OCGA § 37-3-41, which sets forth provisions for taking an individual into custody for involuntary mental health treatment. We disagree because the police were lawfully discharging their official duty to maintain the peace and the provisions of OCGA § 37-3-41 did not apply to police in this instance. Accordingly, we affirm Copley's convictions.

"On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence." *State v. Robinson*, 275 Ga. App. 117, 117 (619 SE2d 806) (2005) (citation omitted). So viewed, the record shows that police officers responded to a 911 call from Copley's parents. Copley, who resided with her parents, was threatening to kill herself. After arriving at the house, several officers entered a bedroom where Copley could be heard screaming. The officers attempted to calm Copley, who was screaming, cursing, and attempting to find a way to kill herself. Copley ultimately grabbed a pill bottle that did not have a lid and "shot it like a glass of liquor." Officers, who were unfamiliar with the contents of the bottle, attempted to grab Copley's hand and the bottle and detained Copley on the bed. Copley then spat a large quantity of spit into the mouth, eyes, and face of one of the officers and screamed "[H]ow does that f[**]king taste, pig?"

Another officer then told Copley that she was under arrest and instructed her to stop resisting and to place her hands behind her back. Copley, however, continued to resist and attempted to spit on officers once more. Finally, officers were able to handcuff and secure Copley, who was then transported to a medical facility. Copley was later indicted on one count misdemeanor obstruction and one count felony

2

obstruction and following a jury trial, was found guilty on both counts. This appeal followed.

1. Copley argues the trial court erred in denying her motion for a new trial because the evidence was insufficient to show that she obstructed a law enforcement officer in the lawful discharge of his duties. We disagree.

Under OCGA § 16-10-24 (a), "a person who knowingly and willfully obstructs or hinders any law enforcement officer . . . in the lawful discharge of his official duties" is guilty of misdemeanor obstruction. Obstruction becomes a felony where a person engages in this behavior and offers or does "violence to the person of such officer." OCGA § 16-10-24 (b).

> Obstruction of the police in performing their lawful duty includes any act that directly interferes with, impedes, interrupts, or prevents or perverts the public administration of justice. Offering or doing violence to a law enforcement officer includes threats of violence, battery, and assault aimed at the officer.

*Panzner v. State*, 273 Ga. App. 868, 869 (616 SE2d 201) (2005) (citations omitted).

"An essential element of the offense of obstruction of an officer is that the State prove beyond a reasonable doubt that the obstruction occurred while the officer was in 'the lawful discharge of his official duties.'" *Woodward v. State*, 219 Ga. App. 329,

330 (1) (465 SE2d 511) (1995) (citing OCGA § 16-10-24 (b)). Copley does not challenge the sufficiency of the evidence to support her acts of resistance, just the sufficiency of the evidence to prove the officers were lawfully discharging their official duties at the time Copley spat in the face of one and then resisted being handcuffed by another.

The State argues that the officers were lawfully discharging their official duties by attempting to diffuse the situation so as to ensure medical personnel could safely access Copley. This Court has previously recognized that a law enforcement officer has a duty to maintain the peace, and that he is lawfully discharging his official duties when attempting to defuse what could become a violent confrontation. *See Harper v. State*, 285 Ga. App. 261, 263-264 (1) (a) (645 SE2d 741) (2007) (evidence sufficient to establish that officer was legally discharging his official duty of maintaining peace where officer was collecting names as part of his attempt to defuse what could become a violent confrontation); *Animashaun v. State*, 207 Ga. App. 156, 158-159 (1) (427 SE2d 532) (1993) (off-duty police officer acted within official duties when he and others accompanied woman to her home to retrieve belongings in an effort to avert possible violent reaction from husband).

Here, police were responding to a 911 call in which Copley's mother reported that Copley was suicidal, was behaving erratically, had a knife, and required medical assistance. The sad situation clearly had the potential to become a violent confrontation, and police were in the process of managing it when they attempted to stop Copley from swallowing the contents of a pill bottle and detained her on the bed. The evidence was therefore sufficient to support the verdict. *See Harper*, 285 Ga. App. at 263-265 (1) (a).

2. Copley next argues that the trial court erred by denying her pretrial motion for immunity under OCGA § 16-3-24. "In reviewing the denial of [a] motion for pretrial immunity, we must view the evidence in the light most favorable to the trial court's ruling and accept the trial court's findings of fact and credibility determinations if there is any evidence to support them." *Sifuentes v. State*, 293 Ga. 441, 444 (2) (746 SE2d 127) (2013) (citation omitted). In support of her motion for immunity, Copley claims that she was justified in resisting custody because the officers had not complied with the requirements of OCGA § 37-3-41.

OCGA § 37-3-41 sets forth the provisions for taking an individual into custody for the purposes of receiving an involuntary mental health treatment. However, the provisions of OCGA § 37-3-41 do not apply here. Police were not attempting to place

5

Coply into civil protective custody pursuant to this statute. Rather, Copley was arrested because of the two criminal offenses she committed. Due to her suicidal state, Copley was taken to a hospital by police before later being transferred to jail. Copley's enumeration is therefore without merit.

3. Lastly, Copley argues that the trial court erred in denying her motion for a directed verdict because police did not comply with OCGA § 37-3-40 et seq. and officers were not acting in their lawful duty. For the reasons discussed in Divisions 1 and 2 above, this enumeration also fails.

*Judgment affirmed. Ellington, P. J., and Gobeil, J., concur.*