## A94A1203. HAMM v. THE STATE.
(448 SE2d 773)

Smith, Judge.

Edward Hamm, Jr. was convicted by a jury of two counts of aggravated sodomy and two counts of child molestation. He appeals following the denial of his motion for new trial.

The victim in this case was Hamm's eight-year-old stepdaughter. A custodial statement given by Hamm was admitted into evidence after a hearing pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964). In the statement, Hamm admitted masturbating in the victim's presence, engaging in oral sex with her, and touching her vagina with his penis. The victim corroborated this in her testimony. The victim's grandmother and great uncle testified that the child told them of the molestation. The State also introduced evidence of a prior offense committed by Hamm.

1. Hamm contends the trial court erred in admitting the similar transactions evidence because the prior offense was statutory rape, which is a different crime. We do not agree.

Under Georgia law, in the trial of crimes involving child sexual abuse, other offenses committed by an accused involving sexual abuse of children, regardless of the gender of the victim or the type of acts perpetrated, are sufficiently similar to meet the similarity requirement set forth in *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991). *Adams v. State*, 208 Ga. App. 29, 32 (2) (b) (430 SE2d 35) (1993).

In this case, the State presented the testimony of a detective who investigated the 1983 incident in which Hamm confessed that he and two others had engaged in sexual intercourse with a thirteen-year-old girl in a car. There may be cases in which a prior statutory rape offense would not be sufficiently similar to a child molestation charge to be admissible under *Williams*. However, given that in Hamm's statement he indicated the eight-year-old victim had consented to the sex acts of which he was accused and was "a hot little girl to be only eight years old," there exists a "logical connection between" the prior statutory rape introduced here and the charged offenses, *Williams*, supra

at 641 (2) (a), such that proof of the prior offense tended to establish the charged offenses by showing Hamm's bent of mind. Id. at 642 (2) (b). The trial court properly found the prior statutory rape offense admissible.

2. Hamm maintains the trial court erred in denying his motion for directed verdicts on the aggravated sodomy charges because there was no evidence of the use of force, as required by OCGA § 16-6-2 (a). This contention is without merit.

A child of eight years is incapable under the law of consenting to any sexual act, rendering any sexual acts directed to such a child forcible under the law. Stine v. State, 199 Ga. App. 898, 899 (1) (a) (406 SE2d 292) (1991). Therefore, proof of the victim's age and the act of sodomy in this case was sufficient to show force, and thus aggravated sodomy under OCGA § 16-6-2 (a). Id.

3. Hamm asserts that the trial court erred in denying his motion for new trial because his custodial statement was physically present in the jury room.

At the hearing on the motion for new trial, Hamm presented the testimony of several jurors. He relied on this testimony to show both that the statement was present in the jury room and that the jury would not have voted to convict had the statement not been in the jury room.

OCGA § 17-9-41 provides, however, that "[t]he affidavits of jurors may be taken to sustain but not to impeach their verdict." In a well-reasoned order the trial court considered the history and policy of this rule and properly concluded that the jurors' testimony was not competent and that no other evidence existed in support of Hamm's motion for new trial.

Although the rule of juror incompetency is waived where the alleged error violates the defendant's due process rights under the constitution, see Spencer v. State, 260 Ga. 640, 643-644 (3) (398 SE2d 179) (1990), such was not the case here. The Georgia rule is that written statements of a defendant may not be permitted to go out with the jury. Royals v. State, 208 Ga. 78, 79-82 (2) (65 SE2d 158) (1951). However, this is a rule of evidence, not a constitutional mandate. Allowing the statement to go out with the jury did not deprive Hamm of a fair trial and was not an error of constitutional magnitude. Other jurisdictions, in fact, permit the trial judge discretion to allow written statements and confessions to go out with the jury. See, e.g., People v. Williams, 454 NE2d 220, 239 (Ill. 1983); United States v. Stone, 472 F2d 909, 914 (5th Cir. 1973). The trial court properly denied Hamm's motion for new trial.

Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.

DECIDED SEPTEMBER 26, 1994.

*Loftiss, Van Heiningen & Ward, Walter E. Van Heiningen,* for appellant.

*H. Lamar Cole, District Attorney, James E. Hardy, Mark E. Mitchell, Assistant District Attorneys,* for appellee.