A02A1293, A02A1294. BROWN v. THE STATE (two cases).
(573 SE2d 110)
SMITH, Presiding Judge.

In 1998, Gerry L. Brown was indicted by a Liberty County grand jury for aggravated assault with a knife. In 1999, another Liberty County grand jury indicted Brown and another defendant, Tyron J. Sanders, for a separate aggravated assault with a knife.[1] In both cases a jury returned a verdict of guilty. Brown's amended motions

---

[1] In Case No. A02A1293, Sanders pled guilty before trial and testified on behalf of the State.

for new trial were denied, and he appeals.[2] We have consolidated the cases for review. Finding no error in either case, we affirm.

### Case No. A02A1294

1. In his first enumeration of error, Brown asserts, "The Court failed to prove beyond a reasonable doubt the guilt of the Appellant." As the State correctly notes, the trial court does not have the responsibility of proving anything. But Brown does argue that the evidence was insufficient to support the verdict, and we therefore will consider the general grounds.

Construed to support the verdict, the evidence shows that Brown had a pre-existing dispute with a man known as "Koolaid." Koolaid was one of a group of men playing cards at the victim's house when the group decided to go to a local convenience store. When they arrived at the store, Brown was in the parking lot. Koolaid approached Brown and swung at him with his fist. Brown threw Koolaid to the ground, several of Brown's friends emerged from the store, and a general melee ensued. At some time during this encounter, Brown produced a knife, cutting one man across the chest and slashing the victim's throat. The victim was severely injured, requiring extensive surgery and approximately three weeks in the hospital. The victim testified that he did not know Brown, that he had never met him, and that he took no part in the fight until he was attacked by Brown's friends.

Brown testified and acknowledged that he stabbed the victim, but he insisted that it was accidental. According to Brown, he saw Koolaid and the victim emerge from a van and approach him slowly. Brown told his friends to leave because he believed that Koolaid and the victim were going to attack him. He took his knife out because he thought they were armed. Koolaid then attacked him, and the victim attacked one of Brown's friends. Brown stated that in the confusion he was unable to put his knife away. More men emerged from the van, the knife fell out of Brown's hand when he hit someone, and as he tried to retrieve it, he was set upon by "about fifteen" people and knocked to the ground. As they were all hitting him, he "came up swinging" and accidentally struck the victim with the knife. Brown also testified that his life had been threatened by Koolaid and some of his associates.

A police officer testified concerning statements made by Brown after he voluntarily came to the police station and was given *Miranda* warnings. Brown told the officer that he was attacked by

---

[2] In both cases, Brown filed a motion for leave to file an out-of-time appeal, which was granted.

Koolaid and the victim, that he had taken the knife out "to get ready" as he saw them approaching, and that he "just started punching . . . not remembering or not realizing that he had the weapon in his hand." According to the officer, Brown told him that he and Koolaid had quarreled over a girl, that they were in rival gangs, and that Koolaid had threatened to kill him. Brown, however, denied that the altercation was gang-related, insisting that he and Koolaid merely had quarreled "about some girl."

In essence, Brown attacks the credibility of the testimony against him, asserting that in light of the threats against him he acted in self-defense. But

> [a]n appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence to convict is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Conflicting testimony is a matter of credibility for the jury to resolve. As long as some competent evidence exists, even though contradicted, to support each fact necessary to make out the State's case, we will uphold the jury's verdict.

(Citations and punctuation omitted.) *Wheeler v. State*, 236 Ga. App. 197, 198 (1) (511 SE2d 564) (1999). The trial court instructed the jury on intent and on the principles of justifiable force enunciated in OCGA § 16-3-21. After hearing the evidence and the instructions of the trial court, the jury rejected Brown's defense. Because evidence supports the jury's verdict, we will not disturb it.

2. Brown next contends the trial court erred in allowing the State to prove its case through leading questions, pointing to two objections that were overruled during the examination of a witness for the State. Even assuming without deciding that the questions permitted by the trial court were leading, OCGA § 24-9-63 explicitly gives the trial court discretion in permitting leading questions by the party calling a witness "when, from the conduct of the witness or other reason, justice shall require it." This witness, one of the occupants of the van, testified to loss of memory and "shell shock," gave some nonresponsive answers, and did not recall some facts and circumstances of the encounter. "A judge is given latitude and discretion in permitting leading questions, and unless there has been an abuse thereof, resulting in prejudice and injury, there is no reversible error." (Citations and punctuation omitted.) *Buffington v. State*, 171 Ga. App. 919, 921 (4) (321 SE2d 418) (1984). Brown has failed to show such abuse, and we find no error.

3. The trial court did not err in failing to exclude evidence that another man was cut across the chest during the fight, although Brown contends this testimony was irrelevant and prejudicial.

[S]urrounding circumstances constituting part of the res gestae may always be shown to the jury along with the principal fact, and their admissibility is within the discretion of the trial court. Hence, acts and circumstances forming a part or continuation of the main transaction are admissible as res gestae and it does not matter that the act is another criminal offense. The fact that such part of the res gestae incidentally place[s] [a defendant's] character in issue does not render it inadmissible. A trial judge's determination that evidence offered as part of the res gestae is sufficiently informative and reliable as to warrant being considered will not be disturbed on appeal unless that determination is clearly erroneous.

(Citations and punctuation omitted.) *Crews v. State*, 226 Ga. App. 232, 235 (3) (486 SE2d 61) (1997). Likewise, the trial court did not err in allowing the victim to testify to the effects of his injury or to display his scar to the jury. "The injuries sustained in an aggravated assault are relevant to that assault and therefore admissible. The Georgia courts have said many times that relevant evidence is not subject to an objection that it might inflame the minds of the jury or prejudice the jury and this is true even where the offered evidence is only cumulative." (Citations and punctuation omitted.) *Prayor v. State*, 217 Ga. App. 56, 58 (4) (456 SE2d 664) (1995).

4. Brown unsuccessfully sought to mark and introduce into evidence the transcript of his statement to police, and he enumerates the trial court's exclusion of the statement as error. To the extent that Brown sought to have the statement introduced into evidence and sent out with the other exhibits to the jury room, as his offer to redact portions of the statement suggests, this would have been legal error. "The Georgia rule is that written statements of a defendant may not be permitted to go out with the jury. [Cit.]" *Hamm v. State*, 214 Ga. App. 705, 706 (3) (448 SE2d 773) (1994). In addition, the statement consists in large part of inadmissible hearsay from other sources as well as Brown's self-serving declarations. *Jones v. State*, 271 Ga. 516, 517 (2) (520 SE2d 454) (1999). Finally, Brown took the stand and testified at trial, giving virtually the same version of the events as that he gave to the police officer in his earlier statement. "The content of the documents having been fully related . . . the exhibits defendant sought to introduce were cumulative. . . . Any

error in the exclusion of these exhibits was harmless. [Cit.]" *Haywood v. State*, 220 Ga. App. 182, 183 (2) (469 SE2d 206) (1996).

5. In Brown's final enumeration of error, he complains of the prosecutor's statement in closing argument that the jury had "an opportunity to send a message." But he was obligated to object in a timely fashion, *Butler v. State*, 273 Ga. 380, 384 (8) (541 SE2d 653) (2001), and he did not raise his objection until considerably later in the closing argument. Moreover, he objected only to the prosecutor's mention of pipes and guns on the ground there was no such evidence in the case. "This enumeration of error presents nothing for review as defendant failed to object to that portion of the State's closing argument he now finds objectionable. [Cit.]" *Toney v. State*, 216 Ga. App. 240, 241 (2) (453 SE2d 813) (1995). In any event,

> [i]t is not improper for a prosecutor to appeal to the jury to convict for the safety of the community, or to argue as a part of the jury's duty that it should convict so as to stem a drug problem in the community, or to convict so as to send a message to others that criminal activities will not go unpunished. Moreover, the State may argue to the jury the necessity for enforcement of the law and may impress on the jury, with considerable latitude in imagery and illustration, its responsibility in this regard.

(Citations and punctuation omitted.) *Philmore v. State*, 263 Ga. 67, 69 (3) (428 SE2d 329) (1993). The trial court did not err in overruling Brown's objection to the prosecutor's closing argument.

### Case No. A02A1293

6. Once again, Brown asserts his mistaken belief that the *trial court* had the obligation to prove his guilt beyond a reasonable doubt, and once again we consider the general grounds despite this misapprehension of the law.

Construed to support the verdict, the evidence shows that the victim was walking home from a church function when he was approached by a group of teenagers. They punched and kicked him and threw him into a ditch before fleeing the scene when someone turned on a porch light. He continued toward his house, and three of the assailants returned, including Brown and Sanders. They attacked him again, punching and kicking him. At some point, the victim realized that he was "all bloodied up" and saw Sanders with a bloody knife in his hand. The three assailants told him, "Go ahead get up now," and let him go. Brown followed the victim for some distance and told him, "We let you live so I don't want you telling on my boy, now. Because we know where you live, we know where your mother lives."

While the victim initially told the police that he did not know who attacked him, he explained that he was reluctant to talk to the police because Brown had threatened his mother. The victim's mother testified that she tried to convince the victim to identify his attackers but that he feared for her life. After yet another confrontation between the victim and Brown, Brown was stabbed, and the victim was charged and ultimately pled guilty to aggravated assault. After this, the victim testified, he decided to tell the truth to law enforcement. The police officer testified that the victim was "very evasive" during his investigation and indicated "without coming out and saying it" that he was afraid for his and his family's safety. Sanders testified on behalf of the State and described the initial attack on the victim. He testified that he, Brown, and "a few more guys" ran after the victim and that Brown stabbed him at least three times in the back. Brown did not testify.

Both Brown's enumerations of error rely upon the inconsistencies in the testimony of the victim and of his co-defendant Sanders. But, as noted above, the weighing and resolution of conflicting testimony are for the jury, not for this court. Moreover,

> [a] participant to a crime may be convicted although he is not the person who directly commits the crime. OCGA § 16-2-20. A person who intentionally aids or abets in the commission of a crime or intentionally advises, encourages, hires, counsels or procures another to commit the crime may be convicted of the crime as a party to the crime. Id. at (b) (3) and (4). Mere presence at the scene is not sufficient to convict one of being a party to a crime, but criminal intent may be inferred from conduct before, during, and after the commission of a crime.

(Citation omitted.) *Burks v. State*, 268 Ga. 504, 505 (491 SE2d 368) (1997). Regardless of whether Brown or Sanders performed the physical act of stabbing the victim, some evidence was presented that Brown participated in the assault on the victim by threatening, punching, and kicking him. Whether Brown was a party to the crime by aiding and abetting Sanders or by advising, encouraging, or counseling him to commit the crimes was a question for the jury. Id. The trial court instructed the jury on this principle of law on two occasions, and sufficient evidence existed for a rational trier of fact to find appellant guilty beyond a reasonable doubt as a party to the crime. *Jackson v. Virginia*, supra.

7. Similarly, Brown's contention that the inconsistencies in the witnesses' testimony amount to perjury is without merit. "[I]nconsistencies in the testimony of witnesses do not in and of themselves

authorize a conclusion that some of the testimony was perjured. It is uniquely within the province of the jury to weigh conflicting testimony under proper instructions from the Court." (Citations and punctuation omitted.) *Howard v. State*, 200 Ga. App. 188, 190 (3) (407 SE2d 769) (1991) (full concurrence as to Division 3).

*Judgments affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED OCTOBER 18, 2002.

*Jones, Osteen, Jones & Arnold, Linnie L. Darden III*, for appellant.

*J. Thomas Durden, Jr., District Attorney, Lewis M. Groover, Jr., Assistant District Attorney*, for appellee.