## A03A1320. OWENS v. THE STATE.
(588 SE2d 265)

RUFFIN, Presiding Judge.

A jury found D'Antonius Owens guilty of armed robbery and kidnapping.[1] Owens appeals, contending that the trial court erred in denying Owens' motion to continue the trial and motion for directed verdict. Owens also sets forth two claims of ineffective assistance of counsel. For reasons that follow, we affirm.

1. Owens argues that the trial court erred in denying his motion for directed verdict because there was insufficient evidence to prove the intent element of armed robbery and kidnapping. In reviewing the denial of a motion for directed verdict, we construe the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt.[2]

Viewed in this light, the evidence shows that late in the evening on July 10, 1998, Braddon Robbins heard two men arguing near the backyard of his house. He heard them order a third person to lie on the ground. He then heard several gunshots. As he peered from his window, he saw a man with a gun running to a Chevrolet Impala. There was another man already sitting in the car.[3] The two men quickly drove away. After the car left, he went outside to help the man, Antonio Moore, who had been ordered to lie on the ground. Moore died shortly thereafter from gunshot wounds.

Robbins positively identified the shooter as Rasheed Brown, but he was not able to identify the man who had been sitting in the car. Police later found the Impala, which belonged to Moore, within walking distance from Owens' house.

After Moore's girlfriend told Detective Volkodav that Owens and Brown had been at Moore's house on the evening of the murder, the detective questioned both men. Owens said that Moore had given them a ride to a club earlier that night. He also said that he was with his girlfriend, Amelia Walton, at the time of the murder.

Detective Volkodav subsequently arrested Owens and questioned him a second time. This time, Owens told him that Brown had carjacked Moore, forced Moore to drive to a nearby area, and made him get out of the car. He said that Moore was alive when they left, and he admitted that he drove Moore's car after leaving Moore behind. When Detective Volkodav asked whether Owens had been

---

[1] Owens was charged with murder, two counts of felony murder, armed robbery, aggravated assault, and kidnapping.

[2] See *Clark v. State*, 275 Ga. 220, 221 (1) (564 SE2d 191) (2002).

[3] Although Owens later admitted that he was the driver, Robbins was not able to determine which man was driving.

paid to drive, Owens said that he heard he was going to get paid, but he did not know who was going to pay him.

At trial, Walton testified that Owens and Brown asked her to lie about where they were and what they were wearing on the night of the murder. She also testified that the two men were like brothers. Owens testified that he had initially lied to Detective Volkodav about his involvement with Brown that night because he was scared of Brown. He denied that he and Brown were like brothers, saying that he would call Brown a "mere associate." He said that he asked Walton to lie for him because he was scared. After admitting to the jury that he had lied on several occasions to the police, he also testified that he had not planned to carjack Moore and that he did not know that Brown was going to carjack Moore.

Under OCGA § 16-2-20 (a), every person concerned with the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. Although mere presence at the scene of a crime is not sufficient to convict one of being a party to a crime, criminal intent may be inferred from conduct before, during, and after the commission of the crime.[4] Owens notes that his behavior was "admittedly peculiar," but contends that this behavior did not sufficiently demonstrate the intent to commit an armed robbery or kidnapping of Moore.[5] We disagree.

It is undisputed that Owens was with Brown before, during, and after the murder. Although Owens testified at trial that Brown was acting on his own, the jury was free to reject this testimony and conclude through other evidence that Owens participated in the armed robbery and kidnapping.[6] The record shows that Moore was forced to drive against his will and was later forced out of his car. Owens and Brown both rode in the car with Moore, and Brown had a weapon. Owens initially admitted to Detective Volkodav that he drove the car from the scene. He also said that he expected to be paid for it. Finally, he asked his girlfriend to lie about his whereabouts that night, and he lied repeatedly to the police about what happened. We find this evidence sufficient to support a conviction for armed robbery and kidnapping.

2. Owens also contends that the trial court erred in denying his motion to continue the trial. A motion for continuance is addressed to the sound discretion of the trial court, and the refusal to grant a con-

---

[4] See *Sands v. State*, 262 Ga. 367, 368 (2) (418 SE2d 55) (1992).

[5] A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will. OCGA § 16-5-40 (a). A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon. OCGA § 16-8-41 (a).

[6] See *Johnson v. State*, 276 Ga. 368, 370 (1) (578 SE2d 885) (2003).

tinuance will not be disturbed unless there is a clear abuse of discretion.[7] Here, the record shows that the trial court carefully considered Owens' motion, which was premised on the premature birth of Owens' child. The court even made arrangements to make phone calls on behalf of Owens and noted that it would reconsider the motion if necessary at a later time. Accordingly, we find no abuse of discretion.

3. Finally, Owens contends that his trial counsel was ineffective for failing to conduct an adequate investigation and for failing to properly invoke and maintain the rule of sequestration. Different trial counsel represented Owens during his motion for new trial and amended motion for new trial. Neither the motion for new trial nor the amended motion for new trial asserted these arguments. Consequently, these allegations of ineffective assistance of counsel are deemed waived.[8]

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED SEPTEMBER 19, 2003 —
RECONSIDERATIONS DENIED OCTOBER 2, 2003.

*Steven P. Berne*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.

---

[7] See *Young v. State*, 237 Ga. 852, 855 (230 SE2d 287) (1976).
[8] See *Parker v. State*, 249 Ga. App. 509, 512 (3) (548 SE2d 475) (2001).