## A03A2330. GALLIMORE v. THE STATE.
(591 SE2d 485)

MILLER, Judge.

Manuel Gallimore appeals from his convictions on four counts of armed robbery and two counts of aggravated assault. On appeal he contends that the evidence presented at trial was insufficient to sustain the convictions. We find that the evidence was sufficient to sustain the convictions. Accordingly, we affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence reveals that the six victims were standing in a motel parking lot late at night. The victims noticed a car drive past them to the back of the motel, and soon thereafter Gallimore and two other men emerged from the back of the motel and approached them. Gallimore and his accomplices wore hooded sweat-

---

shirts to conceal their identities. Gallimore pulled out a gun and along with his cohorts demanded the victims' personal belongings. One of the perpetrators threw a bag onto the ground in which the victims were ordered to place their belongings. Gallimore and his companions took several of the victims' personal items and ran around to the back of the motel with the bag.

Gallimore fired a shot into the air, and the victims saw the same car that they had seen earlier drive away from the scene. The victims reported the incident to the police, and based on the drive-out tag on the car that the victims had seen, the police were able to find the driver. The driver identified Gallimore as the gunman.

One of Gallimore's other accomplices also identified Gallimore as brandishing the weapon in the robbery. This accomplice handed the bag containing the victims' belongings to Gallimore after the men had collected the belongings.

A jury found Gallimore guilty on four counts of armed robbery and two counts of aggravated assault. Following the denial of his motion for new trial, Gallimore appeals.

Gallimore contends that the evidence presented at trial was insufficient to sustain his convictions, because his convictions were based only on the uncorroborated testimony of his accomplices. We disagree.

While it is true that a felony conviction cannot be sustained based only on the uncorroborated testimony of *one* accomplice (see OCGA § 24-4-8), where an additional accomplice provides testimony to corroborate that of the first accomplice, the evidence can suffice to sustain the conviction. *Mullins v. State*, 257 Ga. App. 40, 41-42 (570 SE2d 357) (2002); *Pinkins v. State*, 243 Ga. App. 737, 738-739 (1) (b) (534 SE2d 192) (2000); *Stephenson v. State*, 220 Ga. App. 95, 97 (3) (469 SE2d 266) (1996). Such is the case here, as the testimony from Gallimore's accomplices established that Gallimore participated in robbing the six victims at gunpoint. Indeed, the evidence revealed that Gallimore was the robber who actually brandished the gun. The evidence sufficed to sustain the convictions for armed robbery and aggravated assault. See OCGA §§ 16-8-41 (a); 16-5-21 (a) (1), (2).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED DECEMBER 11, 2003.

John R. Mobley II, for appellant.
J. Gray Conger, District Attorney, Melissa L. Himes, Assistant District Attorney, for appellee.