## A03A2548. ROSS v. THE STATE.
### (592 SE2d 479)

ANDREWS, Presiding Judge.

A Cobb County jury found Exzavius Carlos Ross guilty of kidnapping, battery, and two counts of armed robbery. On appeal, Ross claims the trial court erred in its charge on recent possession of stolen goods, in failing to adequately respond to the jury's request for a recharge, and in admitting a pair of sunglasses into evidence. Ross also claims the evidence was insufficient to support the verdict. We affirm for the reasons stated below.

1. On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the jury's verdict. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990). So viewed, the evidence shows that at approximately 10:00 p.m. on February 2, 2000, Amanda Pavey was exiting her car in the parking lot of her apartment complex when a man put a gun to her head and demanded her purse. While one man held a gun on Pavey, another man held back Pavey's daughter as she stood outside the car. Pavey told the men she did not have her purse and that the purse was in her apartment. The gunman hit Pavey in the back of her head with the gun. Pavey gave the men the keys to her apartment so that they could retrieve her purse. One of the men, who wore "really gaudy gold glasses," went to get the purse. Pavey told the gunman the PIN for her ATM card. When the man returned with the purse, he suggested to the gunman that they put Pavey and her daughter in the trunk of the car, but they did not do so. The man who had gone to get the purse grabbed Pavey's hair and "yanked [her] head up against the dash" about five or six times, and the two men left.

At 10:21 p.m. on February 2, 2000, two men tried to use Pavey's ATM card to withdraw money from her bank account. They were videotaped by a security surveillance camera monitoring the ATM. One of the men wore "bright glasses." The two men in the videotape were identified as Jimmy Allen and Ross.

On March 15, 2000, at about 8:00 p.m., Jennifer Grady drove to her boyfriend's house. After she got out of her car, she was confronted by two men. One of the men put a gun to Grady's face and demanded her PIN and her purse. Grady gave them her PIN and the ATM card from her purse. The men then forced her into the trunk of her car. The gunman hit Grady on the head with the butt of the gun, and they closed the trunk with Grady inside. Grady saw "something shiny" on the face of one of the men, although she was not certain if it was a pair of glasses or a gold tooth. Grady was locked in the trunk for about an hour until her boyfriend came home and let her out.

Shortly after the men took Grady's ATM card, $101.50 was with-

drawn from her account at an ATM near the scene of the robbery. Another $401.50 was withdrawn from Grady's account at a second ATM 30 minutes after the robbery. Allen and Ross were videotaped conducting the second transaction. The second ATM was the same one where Allen and Ross had attempted to withdraw money from Pavey's account the previous month.

Ross contends that the State relied solely on Allen's testimony to identify Ross as a participant in the crimes, and that this testimony was insufficiently corroborated. We disagree. "Slight evidence of a defendant's identity and participation from an extraneous source is all that is required to corroborate the accomplice's testimony and thus support the verdict. The necessary corroboration may be by circumstantial evidence." (Citations and punctuation omitted.) *Pitts v. State*, 221 Ga. App. 309, 310 (1) (471 SE2d 270) (1996). Allen testified that he drove Ross and Terrence May to the scene of the robberies and that he remained in the car during the crimes. Allen's testimony connecting Ross to the crime is corroborated by the testimony of the victims and by Ross's own testimony. Although the victims were not able to identify Ross, both recalled that one of the men who robbed them had something metallic on his face. Pavey identified it as a pair of glasses and Grady as either glasses or a gold tooth. Allen identifies Ross as the man wearing sunglasses in the pictures developed from the videotape of the surveillance camera after the first robbery. The officer that viewed the videotape described the glasses as "bright." Ross testified that he was not involved in the robberies, but Ross confirmed that he tried to help Allen withdraw money from an ATM on the evenings of February 2, 2000, and March 15, 2000, and that he is one of the individuals on the surveillance videotapes. We conclude that Allen's testimony was sufficiently corroborated, and that the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Ross was guilty of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Ross claims the trial court erred in charging the jury over objection that:

> If you, the jury, should find beyond a reasonable doubt that the crime[s] of armed robbery have been committed as charged in this indictment and certain personal property, as set forth in this indictment was stolen as a result of such crime[s] and if recently thereafter the defendant should be found in possession of the stolen property, that would be a circumstance, along with all the other evidence from which you may infer guilt as to the charge of armed robbery as set forth in the indictment, if you see fit to do so, unless there

should be from the evidence a reasonable explanation of the possession of such property consistent with the plea of innocence, which is a question solely for you, the jury, to determine.

In *Johnson v. State*, 277 Ga. 82, 84 (2) (586 SE2d 306) (2003), our Supreme Court ruled that the trial court did not err in giving a jury charge which was substantially the same as the jury charge challenged by Ross in this case. The appellant in *Johnson*, as Ross does here, relied on *Renner v. State*, 260 Ga. 515, 517 (3) (b) (397 SE2d 683) (1990). *Renner* held that it was error to charge a jury on flight because the charge identifies and explains the possible consequences of some circumstances and not others. In *Johnson*, our Supreme Court expressly declined to expand *Renner* beyond the issue of flight. Accordingly, we find that the trial court did not err in giving the contested charge.

3. Ross claims the trial court erred in refusing to adequately respond to the jury's request for a recharge. We disagree. During the course of deliberations, the jury sent a note to the trial court stating: "We would like to get a paper copy of definitions as read from in the courtroom." The trial court told the jury: "You cannot have anything in the jury room with you except the indictment and the evidence that has been admitted as evidence." The trial court is authorized to give a written copy of its charge to the jury, but it is not obligated to do so. *Treadwell v. Treadwell*, 218 Ga. App. 823, 827 (4) (463 SE2d 497) (1995). "That the trial court erroneously told the jury that the law did not allow written charges to be submitted to them did not cause harm." Id. Ross contends that the jury's request for written charges amounted to a request for a recharge. If a jury requests the trial court to recharge them on any point of law, it is the trial court's duty to do so. *Gidden v. State*, 205 Ga. App. 245, 248 (2) (422 SE2d 30) (1992). However, it was not apparent from the jury's request what point of law, if any, the jury was confused about. The jury did show confusion as to "criminal intent" and "criminal attempt," and the trial court gave clarifying instructions. We conclude that the trial court did not err in failing to adequately respond to a request for recharge.

4. Ross contends the trial court erred in allowing the State to introduce a pair of sunglasses into evidence. Again, we disagree. The sunglasses were introduced in connection with the attempted armed robbery of Nancy Halwig. The jury found Ross not guilty of this crime. Halwig testified that on March 23, 2000, a man opened the driver's side door of her car after she had pulled into her garage, put a gun to her forehead, and demanded her ATM card. Halwig screamed and went into a fetal position, and her son and husband

came to the garage, and the gunman ran away. A pair of sunglasses was found in the vehicle. Halwig testified that the sunglasses were not hers. The trial court admitted the sunglasses into evidence over the objection of defense counsel. Ross argues that the trial court erred in admitting the sunglasses because Halwig had no firsthand knowledge surrounding the discovery of the sunglasses and that the sunglasses were therefore irrelevant. Ross contends that although the jury found Ross not guilty of the attempted robbery of Halwig, that the presence of the sunglasses could have been improperly used by the jury as circumstantial evidence in considering the other charges, and that the alleged error was therefore harmful.

"Admissibility of evidence is a matter which rests largely within the sound discretion of the trial court, and if an item of evidence has a tendency to help establish a fact in issue, that is sufficient to make it relevant and admissible. Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors." (Citations and punctuation omitted.) *Kirkland v. State*, 206 Ga. App. 27, 30 (8) (424 SE2d 638) (1992). The sunglasses were relevant for purposes of identity because the jury could infer that one of the perpetrators in the armed robbery of Pavey and Grady had been wearing glasses, and that Ross was shown in a surveillance videotape at an ATM, trying to withdraw money using a stolen ATM card, wearing sunglasses. Ross complains that the State could not show the circumstances under which the sunglasses were found, but given that a detective found the sunglasses in the vehicle and the victim testified that they were not hers, there is at least some possibility that the sunglasses were introduced into the vehicle by the perpetrator. The trial court did not err in allowing the sunglasses to be introduced into evidence.

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED DECEMBER 17, 2003.

*Debra H. Bernes*, for appellant.
*Patrick H. Head, District Attorney, Kathryn E. Cozzo, Amelia G. Pray, Assistant District Attorneys*, for appellee.

