A04A1471. ZIEGLER v. THE STATE.
(608 SE2d 230)

RUFFIN, Presiding Judge.

A jury found Damon Ziegler guilty of two counts of armed robbery, two counts of possession of a firearm during the commission of a felony, and two counts of possession of a firearm by a convicted felon.[1] On appeal, Ziegler challenges the sufficiency of the evidence.

---

[1] The jury acquitted Ziegler of one count of armed robbery, one count of possession of a

He also asserts that the trial court erred in admitting evidence that his accomplices pleaded guilty and in failing to give a limiting instruction regarding the accomplices' testimony. Finally, Ziegler contends that he received ineffective assistance of trial counsel. For reasons that follow, we affirm.

1. On appeal from a criminal conviction, Ziegler no longer enjoys a presumption of innocence, and this Court views the evidence in a light most favorable to the jury's verdict.[2] So viewed, the evidence shows that on Friday, June 9, 2000, Jeremy Williams worked as the manager of a Pizza Hut. Williams testified that at approximately 11:30 p.m., he was standing outside the delivery door smoking a cigarette when a man approached him, "stuck a gun in [his] neck and made [him] go inside and get the money out of the register and safe."[3] The gunman had his face covered so that all Williams could see were his eyes and mouth, and Williams did not recognize his assailant. Williams also testified that he had watched the surveillance video from the robbery and that the gunman managed to conceal himself from the camera. Other employees testified that they saw the handgun, but also were unable to recognize the robber.

The next night, June 10, 2000, the Pizza Hut was robbed a second time. On this occasion, two armed men entered the store and ordered the patrons to "get down." Several witnesses were able to recognize one of the men as Kevin Rose. The manager on duty that night handed the robbers between $1,600 and $1,800.

Police Officer Carl Fletcher investigated the Pizza Hut robberies. Following the second robbery, Fletcher interviewed a witness who recognized Rose as being one of the robbers. Fletcher subsequently arrested Rose. Rose admitted to Fletcher that, on June 9, he spoke with Ziegler and Oscar Anton Simmons about robbing the Pizza Hut that night. However, Rose said that Simmons and Ziegler talked among themselves and decided to commit the crime without Rose.

Rose testified at trial and reiterated that he had discussed robbing the Pizza Hut with Ziegler. Rose also admitted that he and Ziegler robbed the Pizza Hut on June 10. Simmons, who also testified, said that he drove Ziegler to the Pizza Hut on June 9, that Ziegler went into the store to rob it, and returned with the money. Simmons further testified that he drove both Ziegler and Rose back to the Pizza Hut on June 10 when they robbed the store the second time. Based upon this and other evidence, the jury found Ziegler guilty of two counts of armed robbery and two counts of possession of a firearm

---

firearm during the commission of a felony, and one count of possession of a firearm by a convicted felon.

[2] See *Ross v. State*, 264 Ga. App. 830 (1) (592 SE2d 479) (2003).

[3] Williams estimated that the robber obtained approximately $3,500.

during the commission of a felony.[4]

On appeal, Ziegler contends that the evidence was insufficient to sustain his convictions because no evidence, "other than the [testimony of] two alleged accomplices, place[d] [Ziegler] at the scene of either robbery." "While it is true that a felony conviction cannot be sustained based only on the uncorroborated testimony of *one* accomplice[,] . . . where an additional accomplice provides testimony to corroborate that of the first accomplice, the evidence can suffice to sustain the conviction."[5] Here, Rose's testimony corroborated that of Simmons, and vice versa.[6]

Moreover, there was additional evidence that corroborated the accomplices' testimony. Simmons testified that after Ziegler robbed the Pizza Hut on June 9, Ziegler discarded the clothing he had been wearing before returning to the car. The police found a shirt near the Pizza Hut that night, which witnesses identified as having been worn by the gunman. Additionally, Rose testified that he told Ziegler the robbery would be "easy," and he gave Ziegler inside information about the location, including information about "the camera, the people that work there, how many people worked there, and who was . . . in the back area, . . . and about the safe." The fact that the gunman was not captured on the security camera is some evidence, though slight, that the robber had such inside information. The evidence necessary to corroborate an accomplice's testimony may be slight, and "[t]he necessary corroboration may be by circumstantial evidence."[7] Under the circumstances of this case, the accomplices' testimony was sufficiently corroborated, and the jury was authorized to find Ziegler guilty.

2. Ziegler argues that the trial court erred in permitting the prosecutor to question Rose and Simmons regarding their plea agreements. According to Ziegler, "[t]he testimony acted as substantive evidence of guilt on the part of Appellant and prejudiced him." We disagree for at least two reasons.

First, when the prosecutor questioned Rose and Simmons regarding their plea agreements, Ziegler failed to object and has thus waived any claim of error.[8] Second, it is not error — much less reversible error — to question witnesses about plea agreements they

---

[4] The jury also found Ziegler guilty of two counts of possession of a firearm by a convicted felon, and neither he nor the State addresses these convictions on appeal. We note, however, that the record contains evidence that, in 1991, Ziegler pleaded guilty to felony financial transaction card theft.

[5] (Emphasis in original.) *Gallimore v. State*, 264 Ga. App. 629, 630 (591 SE2d 485) (2003).

[6] See id.; *Wilbanks v. State*, 251 Ga. App. 248, 259-260 (8) (554 SE2d 248) (2001).

[7] *Ross*, supra at 831 (1).

[8] See *Collis v. State*, 252 Ga. App. 659, 665 (13) (556 SE2d 221) (2001).

have made with the State as such agreements may indicate bias on the part of a witness.[9] Indeed, this Court has held that a defendant has a constitutionally protected right to cross-examine witnesses regarding any agreement made with the State, "including the amount of prison time the co-defendant or accomplice would avoid by agreeing to cooperate with the State and testify against the defendant."[10] It follows that this argument presents no basis for reversal.

3. In a related enumeration of error, Ziegler contends that the trial court erred in "failing to provide a cautionary instruction limiting the jury's use of the evidence of codefendants [sic] credibility."[11] However, "[t]he failure to give a limiting instruction is not error in the absence of a request for one."[12] Here, Ziegler does not assert that he requested a limiting instruction, and thus we cannot fault the trial court for failing to give such.[13]

4. In his final enumeration of error, Ziegler maintains that he received ineffective assistance of trial counsel. Specifically, he points to his attorney's failure to call an alibi witness, Timothy Hightower. Ziegler told his attorney that he was living with Hightower in Florida from May until June 10. To prevail on his claim, Ziegler " 'must show that counsel's performance was deficient and that the deficient performance prejudiced him such that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different.' "[14] Ziegler is unable to meet this burden.

At the hearing on Ziegler's motion for new trial, his trial attorney testified that two weeks before trial, Ziegler notified him of an alleged alibi witness living in Florida. The attorney attempted to call the witness using the information Ziegler provided but never reached the witness. According to the attorney, he was not more aggressive in pursuing the alibi witness given the short amount of time before trial and the fact that he was dealing with an out-of-state witness who was "outside the subpoena power of [the trial court]." Furthermore, the

---

[9] See *Lockett v. State*, 217 Ga. App. 328, 330 (2) (457 SE2d 579) (1995) ("[E]vidence of a witness' feelings to the parties, interest in the result of trial, bias, prejudice, or intent or motive generally is admissible at trial."); OCGA § 24-9-68.

[10] *Perez v. State*, 254 Ga. App. 872, 873 (1) (564 SE2d 208) (2002). See also *Vogleson v. State*, 250 Ga. App. 555, 558-559 (1) (552 SE2d 513) (2001). The only cases Ziegler cites in support of his novel proposition, *United States v. Baez*, 703 F2d 453 (10th Cir. 1983), and *United States v. Corona*, 551 F2d 1386 (5th Cir. 1977), are totally inapposite.

[11] In this improperly compound enumeration of error, Ziegler also asserts that "the State failed to corroborate the alleged accomplices['] testimony." We addressed this argument in Division 1, and we do not readdress it here.

[12] *Lopez v. State*, 267 Ga. App. 532, 536 (3) (601 SE2d 116) (2004).

[13] See id.

[14] *Jones v. State*, 266 Ga. App. 679, 682 (2) (598 SE2d 65) (2004).

attorney admitted that he did not believe Ziegler in view of the fact that he waited so long before providing the alleged alibi.

Although out-of-state witnesses are beyond the subpoena power of the court,[15] there are mechanisms for securing the testimony of such witnesses.[16] Nonetheless, Ziegler's trial counsel was not ineffective for failing to take the steps necessary to try to secure such witness. The testimony of both of Ziegler's accomplices places him in Georgia on the dates in question. Under these circumstances, we find it unlikely that the outcome of the trial would have been different had this alleged alibi witness been found, specially subpoenaed, and testified.[17]

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED OCTOBER 19, 2004 —
RECONSIDERATION DISMISSED DECEMBER 8, 2004 — 

*Jonathan P. Waters*, for appellant.
Damon Ziegler, *pro se.*
*Howard Z. Simms, District Attorney, Elizabeth K. Bobbitt, Myra H. Kline, Assistant District Attorneys*, for appellee.

---

[15] See *Hughes v. State*, 228 Ga. 593, 597 (3) (187 SE2d 135) (1972).
[16] See OCGA § 24-10-94.
[17] See *Jones*, supra.
[1] See *Cooper Tire &c. Co. v. Crosby*, 273 Ga. 454, 456-457 (2) (543 SE2d 21) (2001).