## A07A0205. DUGGAN v. THE STATE.
### (645 SE2d 733)

MILLER, Judge.

A jury found Anthony Bernard Duggan guilty of kidnapping, armed robbery, and aggravated assault. Duggan appeals, challenging the sufficiency of the evidence. He also argues that he received ineffective assistance of counsel at trial. For reasons that follow, we affirm.

1. On appeal from his criminal convictions, Duggan no longer enjoys a presumption of innocence, and we construe the evidence in the light most favorable to the jury's verdict. See *Gallimore v. State*, 264 Ga. App. 629 (591 SE2d 485) (2003). We do not weigh the evidence or resolve issues of witness credibility. Id. We "only determine if the evidence was sufficient for a rational trier of fact to find [Duggan] guilty of the charged offense[s] beyond a reasonable doubt." (Citation omitted.) Id.

So viewed, the evidence shows that on November 30, 2001, Jason McKay saw Duggan and Anthony Warren Huntzinger at a Waffle House. McKay and Huntzinger had a history of disputes, and the two began fighting outside the restaurant. McKay apparently "got the better of [Huntzinger]" in the fight, then went back inside the restaurant. Duggan followed, stating that although Huntzinger had lost that altercation, he wanted a "rematch" in a nearby shopping center. McKay arrived at the shopping center, but decided that it was not a good place for a fight and eventually went home without taking part in another fight.

Later that night, McKay was standing outside his house when he observed Huntzinger's car drive slowly down the street. A few minutes later, he heard footsteps behind him. McKay turned and saw a group of armed men, including Duggan, approaching him. With their guns pointed at McKay, the men demanded money, and McKay surrendered his wallet. The men then took McKay to Huntzinger's car. Huntzinger, who was inside the car, got out and opened the trunk.

The men forced McKay into the trunk, and the car drove away. When the car stopped, the men ordered McKay out of the trunk, told him to strip, and beat him. They eventually placed McKay into a sewer manhole, and McKay heard a gunshot "right next to [his] head." The men then left the scene. According to McKay, all of the men — including Duggan — took part in the attack.

Terrance Odell Kinard and Huntzinger corroborated much of McKay's testimony and confirmed Duggan's participation in the crimes. Kinard testified that he, Duggan, and Sean Miguel Drake approached McKay outside his house, forced him to the ground, and took his money. The group then placed McKay in the trunk of Huntzinger's car and drove him to another location, where they beat him and put him in a sewer drain. Kinard asserted that Duggan took part in the beating and fired a gun toward the sewer before they left the area. Huntzinger similarly testified that Duggan helped escort McKay to Huntzinger's car, beat McKay, and fired a gun after McKay was placed in the sewer.

Duggan testified on his own behalf. Although admitting that he was present during the attack, he stated that he did not participate in the crimes. Duggan, who was sixteen years old at the time of the incident, asserted that he simply needed a ride home from Huntzinger.

The jury evidently disbelieved Duggan's testimony and found him guilty of kidnapping, armed robbery, and aggravated assault. The evidence supports the jury's conclusions. Three witnesses — McKay, Kinard, and Huntzinger — testified to Duggan's direct involvement in the crimes. Although Duggan now challenges the witnesses' credibility and the strength of their testimony, the jury is tasked with assessing such credibility and weighing any conflicts in the evidence. See *Brown v. State*, 258 Ga. App. 78, 80 (1) (573 SE2d 110) (2002). "As long as some competent evidence exists, even though contradicted, to support each fact necessary to make out the State's case, we will uphold the jury's verdict." (Citation omitted.) Id.

Given the evidence presented, the jury was authorized to find that Duggan was a party to the crimes and took part in the robbery, kidnapping, and aggravated assault of McKay. See OCGA § 16-2-20 (a); *Owens v. State*, 263 Ga. App. 478, 479 (1) (588 SE2d 265) (2003). Accordingly, Duggan's challenge to the sufficiency of the evidence lacks merit. See *Gallimore*, supra, 264 Ga. App. at 630; *Owens*, supra, 263 Ga. App. at 479 (1); *Brown*, supra, 258 Ga. App. at 83 (6).

2. Duggan also argues that he received ineffective assistance of counsel at trial. Specifically, he complains that trial counsel failed to impeach Huntzinger with two prior convictions for shoplifting after Huntzinger testified that he had never been "in trouble" before the McKay incident. To succeed in this claim, Duggan must show that (1) trial counsel's performance was deficient, and (2) absent the deficiency, a reasonable probability exists that the outcome of the trial would have been different. See *Serrate v. State*, 268 Ga. App. 276, 277 (2) (601 SE2d 766) (2004). Moreover, the record shows that the trial court rejected Duggan's ineffective assistance claim, and that determination "will be affirmed unless the trial court's findings are clearly

erroneous." (Citation and punctuation omitted.) *Buchanan v. State*, 273 Ga. App. 174, 175 (614 SE2d 786) (2005).

Trial counsel did not testify at the hearing on Duggan's motion for new trial. During the jury trial, however, counsel stated on the record that, after discussing the issue with Duggan, he had decided not to introduce evidence of the shoplifting convictions because he wanted to preserve his right to open and conclude final argument to the jury under OCGA § 17-8-71. The record further reflects that trial counsel questioned Huntzinger about his motivations for testifying against Duggan, his recent kidnapping conviction, and his desire for a lenient sentence.

An attorney's decisions regarding how to conduct cross-examination are matters of trial strategy. See *Serrate*, supra, 268 Ga. App. at 278 (2) (c). "Such tactical decisions provide no grounds for reversal unless they are so patently unreasonable that no competent attorney would have chosen them." (Punctuation and footnote omitted.) Id. In this case, counsel chose not to introduce evidence necessary to impeach Huntzinger with the prior convictions in order to preserve his right to make the final closing argument — a well-recognized trial tactic at the time of the May 2003 jury trial. See *Espinosa v. State*, 285 Ga. App. 69, 75 (2) (c), n. 17 (645 SE2d 529) (2007). Counsel instead pursued alternative avenues for impeaching Huntzinger and establishing bias.

Under these circumstances, Duggan has not shown any deficiency in trial counsel's performance. See *Espinosa*, supra, 285 Ga. App. at 75 (2) (c); *Serrate*, supra, 268 Ga. App. at 278 (2) (c). Furthermore, given the testimony of McKay and Kinard, as well as the fact that trial counsel impeached Huntzinger through other means, it is unlikely that introduction of Huntzinger's shoplifting convictions would have produced a different outcome at trial. See *Buchanan*, supra, 273 Ga. App. at 181-182 (5). Accordingly, the trial court properly rejected Duggan's ineffective assistance claim.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED MAY 8, 2007 —

*Christopher T. Adams*, for appellant.
*Daniel J. Porter, District Attorney, Mya Whitmore-Hinton, Assistant District Attorney*, for appellee.