A07A1466. ALVIN v. THE STATE.
(651 SE2d 489)

MILLER, Judge.

Following a jury trial, Aljanon Alvin was found guilty of one count of involuntary manslaughter, one count of reckless conduct, one count of fleeing and eluding an officer, and one count of possession of a firearm by a convicted felon. On appeal, he asserts that the evidence was insufficient to sustain his convictions. Discerning no error, we affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). Neither do we weigh the evidence nor resolve issues of witness credibility. *Gallimore v. State*, 264 Ga. App. 629 (591 SE2d 485) (2003). Rather, we "only determine if the evidence was sufficient for a rational trier of fact to find [Alvin] guilty of the charged offense(s) beyond a reasonable doubt." (Citation and punctuation omitted.) *Duggan v. State*, 285 Ga. App. 273 (1) (645 SE2d 733) (2007); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that Alvin, Tyrone Cotton, and Tyrone's brother, James, worked together as employees of a moving company. On February 3, 2004, Alvin and Tyrone argued over the quality of James' work, with Alvin at one point accusing James of stealing checks from their employer. When Tyrone challenged Alvin to make the accusation to James' face, Alvin drove to his home where he retrieved a handgun and a shotgun and proceeded to the Cotton residence.

Upon Alvin's arrival, James emerged from the residence and approached Alvin's parked vehicle with a bat in hand. Alvin got out of his car, brandishing a handgun at James. After arguing with Tyrone and James, Alvin retreated, got back in his vehicle and began to drive off when Tyrone poured beer on his car.

Alvin stopped and again got out of his car. During the scuffle that ensued, Alvin struck Tyrone in the head with his gun, and, as Tyrone pulled Alvin's jacket over his head, Alvin fired the weapon, wounding Tyrone in the arm. James ran to the scene to help, confronted Alvin, and, as the three fought, Alvin's gun discharged, mortally wounding James in the stomach.

Alvin fled after the shootings and was observed placing a gun in a dumpster behind a local church. Although the police gave pursuit with flashing lights and siren activated, Alvin refused to stop until he reached his home. His arrest followed. Other evidence established that Alvin had previously been convicted for one count of theft by taking and one count of giving a false statement.

Alvin appears[1] to contend that his convictions cannot stand, challenging the sufficiency of the circumstantial evidence against him. We disagree.

To warrant a conviction on circumstantial evidence, the jury's finding must exclude every reasonable hypothesis except that of guilt. *Morris v. State*, 202 Ga. App. 673, 674 (415 SE2d 485) (1992). The jury is also free to reject the testimony of the defendant where that testimony is inconsistent with other direct or circumstantial evidence. Id.

"[A] person commits the offense of involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so by the commission of an unlawful act other than a felony." OCGA § 16-5-3 (a). Here, direct and circumstantial evidence showed that Alvin, while wielding a handgun, engaged in a fight with Tyrone and James, during the course of which the weapon discharged, killing James. This evidence was sufficient to sustain his conviction for involuntary manslaughter. *Bobo v. State*, 103 Ga. App. 685, 687 (2) (120 SE2d 203) (1961).

Inasmuch as Alvin shot Tyrone in the arm while fighting with him as the fracas began, there also was evidence supporting Alvin's reckless conduct conviction. See *Cook v. State*, 249 Ga. 709, 712 (4) (292 SE2d 844) (1982) (defendant guilty of reckless conduct by handling gun in such a manner as to accidentally cause the death of

---

[1] Alvin offers no argument in support of his claim of error. Rather, he provides only a citation to *Brown v. State*, 250 Ga. 862, 864-865 (1) (302 SE2d 347) (1983), a case in which the Supreme Court of Georgia found insufficient circumstantial evidence as to the charges there at issue.

another); see also *Jackson v. State*, 276 Ga. 408, 411 (2) (577 SE2d 570) (2003) ("Reckless conduct . . . is an act of criminal negligence, rather than an intentional act, that causes bodily harm or endangers the bodily safety of another.") (citation and punctuation omitted).

Finally, Alvin's convictions for fleeing from police and possessing a firearm as a convicted felon are supported by undisputed, direct evidence of record. OCGA §§ 40-6-395 (a) and 16-11-131 (b), respectively.

Under these circumstances, the evidence was sufficient to enable a rational trier of fact to find Alvin guilty beyond a reasonable doubt of the offenses with which he was charged. *Jackson v. Virginia*, supra.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 24, 2007.

*Richard M. Darden, Emory B. Bazemore*, for appellant.
*Spencer Lawton, Jr., District Attorney, Jonathan V. Dunn, Assistant District Attorney*, for appellee.