## A08A2178. EPPS v. THE STATE.
### (673 SE2d 608)

JOHNSON, Presiding Judge.

A jury found Derrick Raymond Epps guilty of three counts of armed robbery. Epps appeals, challenging the sufficiency of the evidence. He also argues that the trial court improperly allowed the state to violate the rule of sequestration. For reasons that follow, we affirm.

1. On appeal from his criminal conviction, Epps no longer enjoys a presumption of innocence, and we view the evidence in the light most favorable to the jury's verdict.[1] So viewed, the evidence shows that around midnight on April 14, 2004, two men accosted Tianrong Liu as he entered his residence at The Falls apartment complex in Gwinnett County. One man held a gun on Liu, while the other took various items from Liu and his apartment, including his wallet, several bank credit cards, checkbooks, and a jacket. The men then fled.

Four days later, Stephanie Saldana and Richard Flechas-Bonilla were robbed at the same apartment complex. Saldana testified that she and Flechas-Bonilla were returning to her apartment around 5:30 a.m. when two men approached them from behind on a stairway. One of the men pointed a gun at them and demanded their possessions. Saldana gave him her driver's license and bank card, and Flechas-Bonilla handed over his wallet, watch, and a bracelet. The man with the gun threw the wallet to the other individual, who looked through it. After taking the possessions, the men ran from the scene.

Gwinnett County Police Detective J. P. Wilbanks investigated the robberies. Wilbanks discovered that shortly after the April 14 robbery, Liu's bank card was run through an ATM at a gas station across from The Falls apartment complex. A card taken from him was also used to make payments on two cell phone accounts. One of those accounts belonged to Antonio Whiters.

Using photographs of Whiters and five other men, Wilbanks prepared a photographic lineup, which he showed to Liu, Saldana, and Flechas-Bonilla. Although Liu could not identify anyone from the lineup, both Saldana and Flechas-Bonilla identified Whiters as

---

[1] *Ross v. State*, 264 Ga. App. 830 (1) (592 SE2d 479) (2003).

the gunman in their robbery. Following that identification, Whiters was arrested and interviewed by Wilbanks. Whiters admitted his participation in the crimes and implicated Epps as the second robber. He also stated that after the robberies, he and Epps went to the gas station across from the apartment complex to "run the cards and attempt to obtain money" from the ATM. A search of Whiters' home revealed numerous items stolen from Liu.

The police arrested and interviewed Epps. He initially denied any involvement, but eventually admitted that he was at the scene of the robberies and helped Whiters remove items from Liu's home. He also admitted that following the robberies, he and Whiters attempted to use the victims' bank cards at the gas station ATM, and he wiped off the ATM buttons to remove any evidence of his fingerprints. In addition, Epps provided police with his cell phone number, which matched the number assigned to the second account that had been paid with a card taken from Liu.

After pleading guilty to the crimes, Whiters testified at Epps' trial. Through his testimony, Whiters confirmed that he and Epps robbed the victims at gunpoint, then attempted to use the bank cards belonging to Liu and Saldana.

Asserting that none of the victims identified him as a robber, Epps argues on appeal that insufficient evidence corroborated Whiters' claim that he participated in the crimes. We disagree. While a felony conviction cannot rest solely on accomplice testimony,[2] "[s]light evidence of a defendant's identity and participation from an extraneous source is all that is required to corroborate the accomplice's testimony and thus support the verdict."[3] Ultimately, the sufficiency of the corroborating evidence is a matter for the jury.[4]

A review of the evidence in this case reveals more than enough corroboration. Significantly, Epps admitted that he was with Whiters during the robberies and removed property from Liu's home. Although the three victims were unable to identify Epps, they testified that both men who approached them participated in the crimes. And the evidence shows that after the robberies, Epps tried to withdraw money using bank cards belonging to the victims. Finally, one of Liu's cards was used to pay for Epps' cell phone account.

Such evidence connected Epps to the crimes, corroborated Whiters' testimony, and authorized the jury to find Epps guilty beyond a reasonable doubt of the armed robberies.[5] Although Whit-

---

[2] OCGA § 24-4-8.

[3] (Punctuation omitted.) *Ross*, supra at 831 (1).

[4] *Clemons v. State*, 265 Ga. App. 825, 827 (1) (595 SE2d 530) (2004).

[5] *Ross*, supra at 831 (1); see also *Clemons*, supra ("The jury may consider the conduct of the defendant before, during and after the commission of the crime to determine the

ers — not Epps — may have held the gun during the robberies, the evidence supports the conclusion that Epps was a party to, and guilty of, the crimes charged.[6]

2. Epps contends that the trial court improperly allowed Detective Wilbanks to remain in the courtroom throughout the trial. Noting that Wilbanks testified last during the state's case, Epps argues that his presence violated the rule of sequestration.

The record shows that the state asked the trial court to except Wilbanks from sequestration so that he could assist prosecutors in the orderly presentation of the case. The state further requested that Wilbanks not be required to testify first because "the evidence would be out of sequence." The trial court granted these requests.

We find no error. As held by our Supreme Court, where the state indicates that the lead detective is needed in the courtroom and that requiring him to testify first would interfere with the orderly presentation of evidence, the trial court has discretion to except the detective from the rule of sequestration.[7] This is exactly what happened here. Although Epps argues that Wilbanks could have testified first without hindering the state's case, the trial court did not abuse its discretion in rejecting this claim and permitting Wilbanks to remain in the courtroom.[8]

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED FEBRUARY 13, 2009.

*Michael S. Marr*, for appellant.
*Daniel J. Porter, District Attorney, Richard A. Vandever, Assistant District Attorney*, for appellee.

---

defendant's intent and [his] participation in the crime.") (citation and punctuation omitted).
    [6] See OCGA § 16-2-20 (a) ("Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime.").
    [7] *Williams v. State*, 277 Ga. 853, 856 (4) (596 SE2d 597) (2004).
    [8] Id.; *Gray v. State*, 291 Ga. App. 573, 579-580 (3) (662 SE2d 339) (2008).